IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONE STAR INDUSTRIES, INC., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| | : NO. 11-1481 |
| BESSER COMPANY, | : |
| Defendant. | : |

**MEMORANDUM OPINION**

**Tucker, J.** April ___, 2013

Presently before the Court is Defendant's Motion for Summary Judgment (Doc. 23), Plaintiff's Response in Opposition (Doc. 25), and Defendant's Reply (Doc. 26). Upon consideration of the parties' motions with briefs and exhibits, and for the reasons set forth below, Defendant's motion will be ***granted***.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2001, Plaintiff Lone Star Industries, Inc. ("Lone Star"), a cement manufacturer, entered into a contract with an entity called "Besser Appco Division" ("Besser Appco") for the engineering, design, and construction of a cement storage silo (the "Silo") in Cincinnati, Ohio.[1] The Aggregate Plant Products Company ("APPCO") was then in the business of producing, among other things, "bins and batching" equipment, including cement storage silos such as the Silo at issue here. At the time the contract was executed, APPCO was a wholly owned subsidiary of Defendant Besser Company ("Besser Company"), and did business under the

---
[1] Although the contract called for the engineering, design, and construction of the Silo, the Silo was only engineered and designed by Besser Appco. Another company ultimately constructed the Silo.

1

names "Besser Appco" and "Besser Appco Division." The relationship between these companies is at the heart of this litigation.

The present dispute arises out of the alleged failure of the Silo in August 2007. According to Lone Star, this failure was caused by a faulty pipe strut that had fallen from a compartment partition wall it was intended to support. Lone Star avers that it was its understanding that Besser Company, through a written or implied agreement with APPCO, would ultimately be responsible for the engineering and designing the Silo. Thus, according to Lone Star, Besser Company failed to properly engineer and design the partition wall.

On April 4, 2011, Lone Star filed an Amended Complaint against Besser Company asserting two claims: (1) a breach of contract claim premised on the theory that Lone Star was the third party beneficiary of an alleged contract between Besser Company and APPCO, and (2) breach of an implied warranty of fitness for a particular purpose implied in that alleged contract. Lone Star seeks to recover from Besser Company $182,769.97 in costs it allegedly incurred in repairing the Silo, an unspecified amount in business interruption losses, and the costs of this action.

On January 13, 2012, this Court denied Besser Company's motion to dismiss Lone Star's Amended Complaint. Specifically, this Court found that: (1) "[i]f Plaintiff Lone Star's statement [that Besser Company and APPCO entered into the alleged Besser-APPCO contract for the benefit of Lone Star] proves true," Lone Star may be able to sustain a third-party beneficiary claim under that alleged contract; and (2) "[i]f, as Plaintiff expressly alleges in its Amended Complaint, there exists an Engineering Agreement between Appco and Defendant Besser Co. such that Plaintiff was an intended third party beneficiary, then the implied warranty of fitness

could be found to extend to Plaintiff in the same manner it would protect a party to [the alleged Besser-APPCO contract]." (Doc. 15.)

Given this threshold issue regarding whether the alleged Besser Company-APPCO contract upon which Lone Star bases its claims even exists, the Court, with the express agreement of the parties, granted the parties until June 1, 2012 to conduct "limited fact discovery to determine: (1) the identity of the proper entity responsible for construction of the allegedly defective Silo, and (2) the entity which entered into the written contractual agreement, dated 2001, with Plaintiff for construction of the Silo." (Doc. 20.)

Consistent with the Court's order, the parties produced documents and interrogatory responses; Lone Star deposed Timothy Farley, a representative of Besser Company designated pursuant to Federal Rule of Civil Procedure 30(b)(6); and Lone Star subpoenaed documents directly from APPCO. As will be discussed in greater detail below, Besser Company now argues that such discovery has left no genuine dispute that Besser Company did not, as Lone Star alleges, enter into a contract with APPCO "made for the benefit of [Lone Star], to engineer, design and manufacture" the Silo. (Am. Compl. ¶ 8.) Accordingly, Besser Company now moves this Court to grant summary judgment in its favor and to dismiss the Amended Complaint.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed R. Civ P. 56(c). See Levy v. Sterling Holding Co., LLC, 544 F.3d 493, 501 (3d Cir. 2008). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008). A factual dispute is genuine if a

3

reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. See Anderson, 477 U.S. at 248; Fakete v. Aetna, Inc., 308 F.3d 335, 337 (3d Cir. 2002).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. See Celotex v. Catrett, 477 U.S. 317, 327 (1986). Once the moving party has carried its burden under Rule 56, "its' opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Scott v. Harris, 550 U.S. 372, 380 (2007). Under Fed. R. Civ. P. 56(e), the opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. See Martin v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007).

At the summary judgment stage the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. See Anderson, 477 U.S. at 249; Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. See Horsehead Indus., Inc. v. Paramount Communications, Inc., 258 F.3d 132 (3d Cir. 2001). The court must award summary judgment on all claims unless the non-moving party shows through affidavits or admissible evidence that an issue of material fact remains. See, e.g., Love v. Rancocas Hosp., 270 F.Supp.2d 576, 579 (D.N.J. 2003); Koch Materials Co. v. Shore Slurry Seal, Inc., 205 F.Supp.2d 324, 330 (D.N.J. 2002).

### III. DISCUSSION

#### A. Third Party Beneficiary (Count I)

For Lone Star to sustain its claim that it was an intended third-party beneficiary of a

4

contract between Besser Company and APPCO, Lone Star must prove: (1) that there was such a contract, and (2) that either the "parties to the contract express[ed] an intention to benefit the third party in the contract itself," or "the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." Melley v. Pioneer Bank, N.A., 834 A.2d 1191, 1202 (Pa. Super. Ct. 2003) (quoting Scarpitti v. Weborg, 609 A.2d 147, 150-51 (Pa. 1992)); see also Restatement (Second) of Contracts § 302 (1981). As this Court has recognized and as set forth above, Lone Star's claim third part beneficiary claim must fail if Lone Star cannot prove its allegation that APPCO "entered into an agreement with [Besser Company], made for the benefit of [Lone Star], to engineer, design and manufacture" the Silo. (See Doc. 20; Am. Compl. ¶ 8.)

Besser Company argues that Lone Star's failure to identify the alleged contract between APPCO and Besser Company is dispositive of its claims, and summary judgment should be granted. The Court agrees. The Court permitted this action to survive Besser Company's motion to dismiss so that Lone Star would have the opportunity to prove whether a contract between APPCO and Besser Company actually existed. Two months of discovery directed at this very issue was granted, and yet Lone Star has not adduced any proof that such a contract exists.

Instead, Lone Star merely argues that a genuine dispute exists over the existence of the alleged Besser-APPCO contract, such that summary judgment is inappropriate. Lone Star's assertion that a Besser-APPCO contract exists is based solely on representations made in Besser Company's marketing documents and on its website that, according to Lone Star, evidence that Besser Company had control over the engineering and design of the Silo. Specifically, Lone Star

avers that in a 2002 Besser Company brochure, Besser Company "promoted its prior work for [Lone Star] and capitalized on Lone Star's name." (Pl.'s Resp. Opp'n to Def.'s Mot. Summ. J. 5.) In particular, one page of the brochure features a photo of silos taken at one of Lone Star's other cement terminals.[2] The brochure also directs readers to Besser Company's website and the stated contact email is sales@besser.com. Lone Star further argues that other excerpts from the brochure evidence Besser's "intimate involvement and complete control over the engineering and design of the Silo." (Id. at 6.)[3] In addition, Lone Star contends that Besser Company's web promoted its cement and bulk material terminal business and used similar language as can be found in the brochure.

The Court disagrees with Lone Star that Besser Company's marketing materials and website create a genuine issue as to whether a contract between Besser Company and APPCO existed. The representations made in the brochure and on Besser's website do not in any way suggest that there is a contractual relationship between Besser Company and APPCO created for the benefit of Lone Star. It is not unusual to find that a parent company such as Besser Company

---

[2] Lone Star's name and logo is clearly affixed to the outside of the silo.

[3] For example, under the heading "Superior Engineering," the brochure states:

> *The engineering and design team at Besser* conducts complete material handling and storage analysis to make sure that your system meets your requirements. Besser engineers design for specific conditions utilizing our standard structural and tank models whenever possible.

(Pl.'s Resp. Opp'n to Def.'s Mot. Summ. J., Ex. B.) (emphasis added) Further, under the heading "Intermediate Diameter Silos," the brochure states:

> *Besser has applied its expertise and resources to design material handling silos that set the industry standard for quality, durability and reliability. Highly skilled staff follow the stringent Besser Quality System during entire design*, manufacture and assembly process.
>
> Besser can design, manufacture and install any size storage system you require. Multiple compartments . . . are available.

(Id.)

would promote work performed by its subsidiary. Equally, it is not unusual that a subsidiary such as APPCO would trade on the name of its parent company to brand and market its products. (See Farley Dep. 12:4-15:13.) None of this does anything to change the fact that, by the express terms of the contract, Besser Appco was the entity Lone Star was contracting with.

Further, Lone Star makes no allegation that anyone at Lone Star even relied on the brochure or the website when deciding whether to enter into the contract with Besser Company. Rather, Lone Star merely gestures toward the existence of these materials as an *ex post facto* rationalization for suing Besser Company instead of APPCO.[4] Moreover, Lone Star is ultimately responsible for knowing what company it was contracting with. To the extent there was any confusion as to whether Besser Company or APPCO would be engineering and designing the Silo, or as to what the relationship was between these two companies, the burden was on Lone Star to clarify its confusion before entering into the contract.

In summary, the Court finds that the record demonstrates that there is no such contract between Besser Company and APPCO, and hence no basis for a third party beneficiary claim. Summary judgment is granted in Besser Company's favor.

**B. Breach of Implied Warranty of Fitness for a Particular Purpose (Count II)**

Likewise, to sustain its claim that Besser Company breached a warranty of fitness for a particular purpose implied in the alleged Besser-APPCO contract, Lone Star must prove that Besser Company did, in fact, contract with APPCO to provide the Silo. See e.g., Manor Junior

---

[4] Besser Company has suggested that the only reason Lone Star is suing it, and not APPCO, is due to the fact that the Lone Star-Besser Appco contract contains a number of terms regarding dispute resolution, including that "[a]ll claims, disputes, questions and controversies . . . shall be settled by arbitration, in accordance with the Construction Industry Rules of the American Arbitration Association then in effect" (Def.'s Mot. Summ. J, Ex. A at § 25.1); that the contracted-for products are subject to a one-year warranty period, and that APPCO has one year to cure any defects after proper notice is provided to it by Lone Star (Id. at § 8.3); that there shall be no recovery for business interruption losses (Id. at § 6.1(c)); and that there shall be no recovery for fees and costs incurred in connection with prosecuting a dispute (Id. at § 25.2.) Lone Star provides no response to these allegations.

College v. Kaller's Inc., 352 Pa.Super. 310, 507 A.2d 1245, 1249 (1986) (citing Williams v. Penn Power Co., 502 Pa. 557, 467 A.2d 811 (Pa.1983)) (dismissing breach of implied warranty claim in case involving the installation of a roof because plaintiff was not in privity with the defendant); Am. Stores Properties, Inc. v. Spotts, Stevens & McCoy, Inc., 678 F. Supp. 2d 328, 331 n.4 (E.D. Pa. 2009); ("Privity of contract is required when a party is attempting to enforce an implied warranty under the common law, as Plaintiff attempts to do here.") Thus, despite Lone Star's arguments to the contrary, the existence of a contract between Besser Company and APPCO *is* material to Lone Star's breach of implied warranty claim. The Court has already determined, *supra*, that Lone Star has failed to prove that a contract existed between Besser Company and APPCO. Accordingly, Lone Star's breach of warranty claim has no basis. Summary judgment is also granted in favor of Besser Company on this claim.

## IV.    CONCLUSION

For the foregoing reasons, summary judgment is granted in favor of Defendant Besser Company on both counts.

An appropriate order follows.